## BRACE v. REID.

Judgment of partition, effectual and conclusive upon all persons whatso‐
ever ; and any fraud in such partition can only be avoided by him who
had a prior interest in the estate, and not by him who, subsequent to such
fraud, purchased such interest.

Where a petition seeks to set aside a judgment of partition for fraud, and
where there were intermediate purchasers under the partition, notice of
such fraud should be alleged against them as well as against the defendant.

A purchaser with notice will be protected if he derive title from a *bona-*
*fide* purchaser without notice.

A trust will not be implied or presumed unless supported by strong circum-
stances showing that such trust was intended.

Where a petition seeks a recovery by virtue of a trust, it should be sub-
stantially charged with reasonable certainty.

A title made certain by a judgment of partition cannot be collaterally
changed, nor can such judgment be impeached by the same petition
which claim rights under it.

### APPEAL *from Lee District Court.*

*Opinion by* GREENE, J.   The petition in this case was
filed under the Code, for the undivided half of share sixty,
in the Half Breed lands in Lee county.   The petition claims
that Elizabeth Cardinal, as sister of E. Antaya, a Sac and
Fox half breed, was in her lifetime entitled to a share in
the Half Breed tract; that on her death she left several chil-
dren, and among them Eustace and Julian; that all the
children, except Julian, died previous to April 14, 1840, at
which time the petition was filed for a partition of the tract;
that the judgment of partition was rendered at the April
term, 1841, of the district court, and at the October term,
following, " the tract " was divided into one hundred and
one shares, of which E. D. Ayres received a half share
under E. Cardinal, through her son Eustace; that when said
partition was made said Julian was a minor and a non-resi-
dent, had no notice, no guardian appointed, and that his
rights were in no manner recognized by the partition, that

Brace *v.* Reid.

said half share was drawn by E. D. Ayres in his own wrong, and in fraud of the rights of Julian; that September 16, 1841, Ayres conveyed to O. S. H. Peck; that April 13, 1842, Peck conveyed to H. Taylor; that September 8, 1843, Taylor conveyed to J. Claypool; on 16th January, 1847, Claypool conveyed to H. T. Reid, and that Reid purchased with full notice of the rights and equities of Julian Cardinal. The petition states that February 25, 1848, Julian made a deed of the share to P. A. R. Brace and A. B. Coy, both of whom soon after died and left their wives and children their heirs and claimants in this proceeding. The petitioners claim that they are entitled to the half share purchased by Reid from Claypool, and to the rents and profits from the date of purchase. The record of partition is made a part of the petition. Defendant's demurrer to this petition was sustained. Several causes of demurrer are assigned.

1. Because the plaintiffs complain of a fraud against Julian Cardinal, from whom they claim to have purchased after the alleged fraud was committed, of which Julian himself never complained. This objection might not in all cases avoid the charge of fraud. But in a case like the present, where the complainants set up a mere naked, equitable and uncertain interest against a legal title fully and conclusively adjudicated, the party assigning such interest should have made some demonstration of right to the premises, something to show that he did not acquiesce in the judgment of the court, and did not abandon all right of possession or enjoyment of the premises. He should have asserted some right, not yielded, upon which his own claim could have rested, before a court of equity. We learn from Judge Story that " it has been laid down as a general rule that where an equitable interest is assigned, in order to give the assignee a *locus standi judicio* in a court of equity, the party assigning such right must have some substantial possession, and some capability of personal

enjoyment, and not a mere naked right to overset a legal instrument, to maintain a suit." 2 Story, Eq. Jur., § 1040, g.

The judgment of partition, from which Reid's title is derived, has at least the force of the most absolute "legal instrument," and as the petition, in this case, does not show that the assignor of complainants had any substantial possession or power of enjoyment, may not their power to maintain the suit be well questioned?

The proceedings in partition were open to all; no one was excluded from showing rights, or from controverting the rights of others. The great object of the proceeding was to ascertain the owners, whether infant or adult, and to adjudicate and award to each his share. The judgment of partition became " firm and effectual forever," and " conclusive upon all persons whatsoever." Rev. Stat. 463, §§ 35, 36; *Wright* v. *Marsh, et al.*, 2 G. Greene, 94, 110. Had the judgment been fraudulent or erroneous, the injured party had his remedy, either before the district court or on appeal to the supreme court. If fraudulent at all, it could only have been so between the parties to the judgment; and the injured party, alone, should be permitted to apply for the remedy. After such negligence, after it may be fairly presumed that the injured party has waived all objection, a subsequent purchaser should not be permitted to revive such dormant and doubtful rights. Interminable litigation should not be thus encouraged, either at law or in equity.

That a fraud can only be avoided by him who had a prior interest in the estate, and not by him who, subsequent to the fraud, purchased the estate, was recognized in *French* v. *Shotwell*, 5 John. Ch., 555, 565, as a principle of common law. *Upton* v. *Bassitt*, Co. Eliz. 445. If for the purpose of discouraging excessive controversy and groundless litigation, if to promote repose and security in titles, this has become a principle of law, its application to cases like the present cannot be questioned.

2. The petition is also objected to because it does not

Brace *v.* Reid.

allege notice of the fraud, to Peck, Taylor and Claypool, nor does it charge that they had any knowledge of the equities claimed for Julian Cardinal and his assigns. From the petition, it must be inferred that those persons through whom the defendant derived his title, were respectively innocent, *bona fide* purchasers, and grantors. It is only averred that Reid, the present owner, had notice of any conflicting interest. In this particular we consider the petition fatally defective. To make a *prima facie* case against Reid, all the grantors subsequent to Ayers should have been charged with notice.

The principle will not be controverted that a purchaser, with notice, will be protected, if he derived his title from a *bona fide* purchaser without notice. 1 Story, Eq. Jur., §§ 409, 410.

It was held in *Varick* v. *Briggs*, 6 Paige, 323, that a purchaser, with notice, who took title from a *bona fide* purchaser, entitled to protection, without notice, is himself entitled to protection against previous equities, which were invalid as against the innocent grantor.

But it is said in the case at bar, that Ayers was a trustee of Julian Cardinal, as shown by the written instrument under which Ayres claimed title in the partition suit, and that all subsequent purchasers were bound to take notice of that instrument. Even if this instrument created the relation of trustee and *cestui que trust* between Ayers and Julian, we are at a loss to know how this fact could impart notice to subsequent purchasers. The judgment of partition is conclusive without the instrument; it was introduced as evidence only, and may have conduced to establish Ayers' right to the interest awarded to him; but it did not in consequence become a part of the record and judgment, nor was it made a perpetual notice that Ayers' claim was confirmed on insufficient proof. It would be a strange anomaly, if such an exhibit, a mere paper, or matter of evidence in a case, should be invested with such publicity and

B*

conclusiveness. It amounts to but little less than absurdity to say that all parties interested must go behind a final judgment, investigate the evidence and exhibits, and from them take notice that parties to the suit had entirely different rights from those established by the judgment.

In this case, however, that extraordinary course might be adopted without endangering the judgment, for the instrument referred to amounts to something more than a power of attorney. It gave Ayers not only the authority to prosecute and obtain the claim of E. Cardinal in the half breed tract, but he is also expressly authorised to "receive and take a legal title for his use and benefit of all my share of said land as one of the heirs of said Elizabeth Cardinal, and I do by these presents give, grant, bargain and sell to the said E. D. Ayers all my right and title to said land for his own proper use, behoof and benefit, for value received of him." This instrument makes no reservation, it creates no trust estate. The grant is made absolute by unequivocal words, without any reservation of rights or equities to the grantor or any other person. If then this conveyance had been made matter of record so as to amount to constructive notice, it falls far short of showing the relation of *trustee* and *cestui que trust*. Under no rule of construction or inference of law can a trust be derived from that instrument. A trust will not be implied by law, nor be presumed by a court, only in cases of urgent necessity, supported by strong circumstances showing that a trust was intended by the parties.

We are therefore clearly of the opinion that the petition upon the question of notice to intervening purchasers is materially defective.

3. The petition is also defective in not showing the relation of *trustee*, and *cestui que trust*, between Cardinal and Ayers. As the complainants seek to recover by virtue of that relation, and as it is one that will not be inferred or

presumed, 2 Story Eq. Jur. § 1195 n. 2., it should be substantially charged with reasonable certainty. Code § 1734.

4. The petition shows that by the judgment of partition the title to the half share in question was confirmed in Ayers. It does not seek to set this judgment aside under a general nor even by a direct charge of fraud, *DeLouis v. Meek*, 2 G. Greene, 55, and still it collaterally seeks to change a title that was rendered absolute and conclusive by that judgment. This cannot be done. *Wright* v. *Marsh, Lee* and *Delavan*, 2 G. Greene, 94. Nor can a judgment be referred to and relied upon as evidence in support of a petition and still be impeached by it. 1 McLean, 175. See also, 2 Edwards' Ch. 261, 262; 7 John's Ch. 182; 2 Peters, 257; 3 ib. 193; 10 ib. 474; as to the conclusiveness of such judgments in collateral proceedings.

We conclude then that the court below did not err in sustaining the demurrer to the petition in this case.

Judgment affirmed.

*Geo. C. Dixon and Smith & McKinley*, for appellants.